UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS ORELLANA-SANCHEZ, | |
| Plaintiff, | **Civil Action No.** |
| vs. | **COMPLAINT** |
| PRESSLER & PRESSLER, LLP, and NEW CENTURY FINANCIAL SERVICES, INC., | **Jury Trial Demanded** |
| Defendants. | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Carlos Orellana-Sanchez ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Jersey, County of Hudson,

and City of Jersey City.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Pressler & Pressler, LLP ("P&P") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant, New Century Financial Services, Inc., ("NCFS") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

8. P&P and NCFS (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than P&P.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than P&P, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. P&P uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. NCFS purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

13. NCFS acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

14. NCFS is thoroughly enmeshed in the debt collection business, and NCFS is a significant participant in P&P's debt collection process.

15. Upon information and good-faith belief, an agreement exists between P&P and NCFS that controls, directs, or otherwise relates to P&P's and NCFS's rights and conduct with respect to the collection of Plaintiff's alleged debt.

16. In connection with collection of an alleged debt in default, P&P, itself and on behalf of NCFS, filed a civil action complaint against Plaintiff on October 25, 2011 in the Superior Court of New Jersey Law Division – Middlesex County. See Summons and Complaint, attached hereto as Exhibit "A."

17. P&P, at the direction and on behalf of NCFS, filed the suit in order to collect on an alleged debt in default, stemming from Plaintiff's T-Mobile account ending in 2193, which was purchased in default by NCFS.

18. P&P, at the direction and on behalf of NCFS, filed the lawsuit to collect the alleged debt in Middlesex County Superior Court in New Jersey.

19. However, Plaintiff signed the contract with T-Mobile, which P&P and NCFS sued upon, in Arizona.

20. When P&P and NCFS commenced the action against Plaintiff,

Plaintiff resided in Hudson County, New Jersey.

21.     Service of the summons for the action against Plaintiff was on Plaintiff's former roommate at 122 Ridgeley Ave, Iselin, NJ.

22.     P&P and NCFS failed to exercise due diligence in determining Plaintiff's current address at the time of commencing suit.

23.     Had P&P and NCFS exercised due diligence, such as an Accurint search, they would have discovered that Plaintiff had not resided at that address in over a year.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692i(a)(2)
## DEFENDANT P&P

24.     Plaintiff repeats and re-alleges each and every factual allegation above.

25.     Defendant P&P violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action on a debt against Plaintiff in a judicial district other than where Plaintiff signed the contract sued upon or where Plaintiff resided at the commencement of the action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant P&P violated 15 U.S.C. § 1692i(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692i(a)(2)
## DEFENDANT NCFS

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant NCFS violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action on a debt against Plaintiff in a judicial district other than where Plaintiff signed the contract sued upon or where Plaintiff resided at the commencement of the action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant NCFS violated 15 U.S.C. § 1692i(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 5, 2012      Respectfully submitted,

    /s/ Jeanne Lahiff
    Jeanne Lahiff
    NJ Bar No. 003700
    ***Weisberg & Meyers, LLC***
    Attorneys for Plaintiff
    5025 N. Central Ave., #602
    Phoenix, AZ 85012
    (888) 595-9111
    (866) 842-3303 (fax)
    JLahiff@attorneysforconsumers.com